Case 4:20-cv-02224   Document 35   Filed on 05/24/21 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
May 24, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND § | |
| PETITION OF CALLAN MARINE, LTD., § | |
| AS OWNER OF THE MIDWAY, ITS § | CIVIL ACTION NO. H-20-2224 |
| ENGINES, GEAR, TACKLE, ETC., IN A § | |
| CAUSE OF ACTION FOR EXONERATION § | |
| FROM OR LIMITATION OF LIABILITY § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this Limitation of Liability case that has been referred to the undersigned Magistrate Judge for all pretrial proceedings is Petitioner Callan Marine, Ltd.'s Motion for Entry of Default (Document No. 24). In that motion, Petitioner Callan Marine, Ltd. seeks a default against any claimant who failed to file a claim in this case in accord with the Orders entered on November 13, 2020, and November 19, 2020 (Document Nos. 14, 16 and 18). The Magistrate Judge RECOMMENDS that the Motion for Entry of Default (Document No. 24) be GRANTED.

This limitation of liability case was filed by Petitioner Callan Marine, Ltd. seeking to limit its liability to the value of the Dredge General Patton. Notice of this action was provided and published in a general circulation newspaper and a deadline of January 8, 2021, was set for any claimant to file a proof of claim in this proceeding. As of January 8, 2021, only Arturo Benavides had filed a claim. Based on Petitioner's proof that the Notice of Action was published as required (Document No. 24-1), and that only Arturo Benavides has, as of this date, filed a proof of claim, a default as to any other claimant is warranted. *See* FED. R. CIV. P. 55. Therefore, the Magistrate Judge

RECOMMENDS that Petitioner Callan Marine, Ltd.'s Motion for Entry of Default (Document No. 24) be GRANTED and that a default be entered against all persons and/or entities

claiming damages for losses, damages, injuries or obstructions occasioned by or resulting from or consequent upon the incident described in Petitioner's Complaint, or in any way arising out of or in connection with the voyage on which the M/D GENERAL PATTON was engaged at the time of such incident, who have not filed and served their claims and answers in this case, and that said persons and/or entities be forever barred from filing or serving claims in this action.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b). Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 24th day of May, 2021.

Frances H. Stacy
United States Magistrate Judge